## CINCINNATI SOUTHERN RAILWAY COMPANY *v.* POTTS BROS.

**Duty of Common Carrier.**

It is the duty of a common carrier to transport the chattels it undertakes to carry within a reasonable time, and if it fails to do so it is liable for damages.

**Effect of Common Carrier's Special Contract.**

A common carrier cannot contract against its own negligence and thus escape its liability, but its liability may be enlarged or lessened by contract.

### APPEAL FROM PULASKI CIRCUIT COURT.

November 29, 1879.

OPINION BY JUDGE PRYOR:

The bills of lading containing the terms of shipment should have been examined by the appellees, and whether examined or not, after shipping in the names of others they are estopped to make the railroad liable on any other terms than those mentioned in the contract of shipment.

We have no right to presume that plaintiffs were practicing a fraud on the company by having the hogs shipped in the name of others than the real owners, but we must presume that the parties knew the price to be paid for shipping hogs, and the contents of the papers signed.

The reduction in the price of freight is the consideration on which the shipper releases his right to demand compensation for the delay in shipping occasioned by the ordinary accidents on the road. The hogs of the appellees were not injured by the construction train

running off of the track, but as a consequence of this accident there was a delay of a day or more in shipping the hogs. It is the duty of the common carrier to transport the chattels or merchandise he undertakes to carry within a reasonable time, and if it fails to do so it is liable for damages. This liability may be lessened or enlarged by contract, and when by contract a railroad company provides against the usual and ordinary accidents that occur in running its trains no liability exists. While a common carrier cannot contract against its own negligence we are not prepared to adopt the rule, that in the agreement to transport freight and passengers it is to be held liable for the delay occasioned by the running off of some other train on the road than that upon which the freight is being carried, although there might be proof conducing to show that the accident might have been avoided by the exercise of ordinary care, at least in cases where the delay caused by the obstruction is not unreasonable.

We cannot say from the facts in this case that the delay was unreasonable, but on the contrary it seems to us that the delay cannot be regarded as the result of inexcusable neglect, or that a delay of twenty-four hours by reason of such an accident as is shown to have occurred in this case should subject the company to damages. The facts developed in connection with the obstruction caused by the construction train shows it to have been such an accident as the appellant was providing against in its contract made with the appellees. It was the duty of the company to furnish suitable cars for the shipment of appellees' stock, and to place them in a condition where they would be unloaded in a reasonable time after arriving at market, and their failure to do so would subject them to damages. Under the contract in regard to the shipment there was no such unreasonable delay as authorizes a recovery on that account. The delay is accounted for by the appellant, and was the result of an accident usual to transportation over such roads, and was embraced by the contract of shipment.

Judgment *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.

*T. Z. Morrow, J. M. Collins, for appellant.*

*Fox & Stone, J. E. Hays, J. S. Vanwinkle, for appellees.*